## Case No. 3,882.

### DIBBLE v. ROBERTSON et al.

[1 Hayw. & H. 65.][1]

Circuit Court, District of Columbia. March 28, 1842.

PETITION FOR LEAVE TO RECORD DEED.

The court will pass a decree for the registration of a deed, subject to the limitations of the act of assembly of Maryland of 1715 (chapter 47. § 8). in cases where the neglect to record the same within the time limited by the act, was without any fraudulent design or intention.

The petitioner [Orange H. Dibble], in his bill, sets forth the purchase from the Bank of the United States, in the year 1830, of a lot in the city of Georgetown, D. C.; that he had paid the purchase-money and had received a conveyance of the premises in fee simple; that he had neglected, without any fraudulent intent, to record the deed; that the time limited by law for the registration of such instruments had expired; and that it could not now be done without the aid of the court, and he prayed that leave be granted accordingly. The defendants [James Rob-

ertson and others, trustees of the Bank of the United States] answered, stating their willingness that the court should decree that. the deed might be forthwith recorded.

R. P. Dunlop, for petitioner.
W. Redin, for defendants.

THE COURT passed the following decree: The petition filed in this cause having been set for hearing upon the bill, answer and exhibit, and by consent of the parties, and it appearing to the satisfaction of the court that the deed from the president, directors and company of the Bank of the United States to Orange H. Dibble, described in the petition, has been omitted or neglected to be recorded by the said Orange H. Dibble, without any fraudulent design or intention on his part; it is, therefore, ordered by the court, this 28th of March, 1842, that the said deed be forthwith recorded subject to the limitations and conditions imposed by the act of assembly of Maryland of 1715 (chapter 47, § 8),[2] in virtue of the provisions of which act of assembly, this decree is now made.

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] "That from and after the publication hereof, no manors, lands, tenements or hereditaments whatsoever, within this province, shall pass, alter or change from one to another, whereby the estate of inheritance or freehold, or any estate for above seven years. shall be made or take effect in any person or persons, or any use thereof to be made by reason of any bargain and sale only, except the deed of conveyance by which the same shall be intended to pass. alter or change the same, be made by writing. indented and sealed, and the same to be acknowledged in the provincial court, &c., where such manors, lands, tenements or hereditaments do lie and enrolled within six months after the date of such writing indented as aforesaid," &c. By Act 1794, c. 57, indenting is declared not necessary to the validity of deeds thereafter to be made.

